**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
-----------------------------------------------------------------x

WILMINGTON PT CORP.,

                              Plaintiff,                        REPORT AND
                                                                                                RECOMMENDATION

                     -against-                                19-CV-2035 (DLI)

PARVINDER S. TIWANA, et al.,

                              Defendants.
-----------------------------------------------------------------x

**ROANNE L. MANN, UNITED STATES MAGISTRATE JUDGE:**

       Plaintiff Wilmington PT Corporation ("Wilmington" or "plaintiff") commenced this action pursuant to the New York Real Property Actions and Proceeding Law ("RPAPL") against Parvinder S. Tiwana and Jasvir Tiwana ("the borrower defendants"), seeking to foreclose a mortgage (the "Mortgage") encumbering real property located at 97-10 95th Avenue, Ozone Park, New York 11416 (the "Subject Property"). See generally Complaint (April 9, 2019), Electronic Case Filing Docket Entry ("DE") #1.[1] Currently pending before this Court, on a referral from the Honorable Dora L. Irizzary, see Referral Order (June 23, 2020), are: (1) plaintiff's motion for summary judgment, see Notice of Motion for Plaintiff's Motion for Summary Judgment (June 22, 2020), DE #35, and (2) the borrower defendants' cross-motion to dismiss for failure to state a claim, see Notice of Cross Motion to Dismiss (June 22, 2020), DE #36.

       On August 14, 2020, this Court issued a three-page order directing plaintiff to show cause why this case should not be stayed pending resolution of an issue that was raised in CIT Bank N.A. v.

---

[1] Plaintiff has also named the New York City Environmental Control Board ("ECB") as a subordinate lienholder defendant. See, e.g., Compl. ¶ 5. The ECB has not appeared in this action as of the date of this report and recommendation.

Schiffman, and was certified by the Second Circuit to the New York Court of Appeals earlier this year. See Order to Show Cause (Aug. 14, 2020) ("8/14/20 OTSC"), DE # 39 (citing Schiffman, 948 F.3d 529 (2d Cir. 2020)).  Both parties responded by the deadlines imposed by the Court.  See Response to Order to Show Cause (Aug. 18, 2020) ("Pl. Resp."), DE #40; Borrower Defendants' Reply (August 21, 2020) ("Def. Rep."), DE #41.  For the reasons that follow, this Court respectfully recommends that the parties' pending motions be denied without prejudice at least until the New York Court of Appeals answers the certified question in Schiffman, and that this case be stayed for that duration.

## DISCUSSION

The Second Circuit, in Schiffman, certified, *inter alia*, the following question to the New York Court of Appeals:

> Where a foreclosure plaintiff seeks to establish compliance with RPAPL § 1304 through proof of a standard office mailing procedure, and the defendant both denies receipt and seeks to rebut the presumption of receipt by showing that the mailing procedure was not followed, what showing must defendant make to render inadequate the plaintiff's proof of compliance with § 1304?

948 F.3d at 535.  This Court, in its recent Order to Show Cause, raised two separate concerns about the certification of this question as it relates to the instant suit: First, plaintiff's moving papers and related documents show a six-year gap between the borrower defendants' default on the Mortgage and the mailing of the RPAPL § 1304 90-Day Notice to the borrower defendants, see 8/14/20 OTSC at 2; that delay exceeds the five-year gap in another case brought by plaintiff's counsel, Miss Jones, LLC v. Magda Viera, which District Judge Nicholas G. Garaufis ultimately stayed pending resolution of Schiffman.  See 8/14/20 OTSC (citing 18-CV-1398-NGG-SJB, 2020 WL 3002359, at *3 (E.D.N.Y. Jan. 21, 2020), adopted, 2020 WL 1527141 (E.D.N.Y. Mar. 31, 2020)).[2]  Second, this Court noted that the borrower defendants' motion papers dispute whether plaintiff complied with the office procedures

---

[2] Prior to the issuance of this Court's August 14th Order, plaintiff's counsel inexplicably failed to inform this Court of the recent rulings in Miss Jones.

upon which it relies to establish the mailing of the relevant notices, thus implicating the procedural question certified in Schiffman. See 8/14/20 OTSC at 3 n.4.

In response to this Court's August 14th Order, plaintiff now argues that "the facts in the instant case are wholly dissimilar to the set of facts presented in Schiffman," and that reliance on that decision "does not supply adequate support to stay this case pending the Second Circuit Court of Appeals' decision sometime in the future." Pl. Resp. at 1, DE #40. The borrower defendants disagree, arguing that "the case at bar raises the same question certified by the Second Circuit in Schiffman and should be stayed . . . ." Def. Rep. at 2.

As an initial matter, plaintiff misreads this Court's Order to Show Cause: while plaintiff argues that this case should not be stayed pending a decision by the *Second Circuit* in Schiffman, this Court's August 14th opinion asked plaintiff "why this case should not be stayed pending the *New York Court of Appeals'* decision[.]" 8/14/20 OTSC at 3 (emphasis added). Nonetheless, for the purposes of this report and recommendation, this Court assumes that plaintiff also opposes a more limited stay of this case pending an opinion on the certified question by the New York Court of Appeals.

Wilmington's opposition to a stay overlooks the breadth of the question certified in Schiffman. Plaintiff contends that "the resolution of the question in Schiffman will have no import on this case, as the pertinent facts are wholly distinguishable." Pl. Resp. at 2.[3] But this argument was already rejected in Miss Jones earlier this year. As Judge Bulsara correctly opined in his report and recommendation, it is "likely the New York Court of Appeal's answer to the certified question will clarify what import significant gaps in time between default and notice have on whether § 1304's requirements have been satisfied" and "[t]hat answer will be binding on this Court." Miss Jones, 2020 WL 3002359, at *2. To the extent some of the facts underlying Schiffman differ from those this case (or from those in Miss

---

[3] Plaintiff used an almost identical version of this quote in its unsuccessful objection to Judge Bulsara's report and recommendation in Miss Jones. See Plaintiff's Objection to the January 29, 2020 Report & Recommendation (Feb. 12, 2020) ("Miss Jones Objection") at 2, DE #30 (omitting the word "pertinent").

3

Jones, for that matter), they need not be identical in order for resolution of the question certified by the Second Circuit to impact the resolution of this case. To that end, any attempt to resolve the issues raised by the parties in their competing motions would be premature insofar as it could require this Court, as well as the District Court, to unnecessarily expend judicial resources by prematurely addressing the RPAPL § 1304 issue pursuant to unclear New York law. For these reasons alone, this Court concludes that a stay is appropriate.

In addition, contrary to this Court's express directive in its Order to Show Cause, see 8/14/20 OTSC at 3 n.4, Wilmington focuses exclusively on the six-year gap and fails to address whether the purported procedural irregularities identified by the borrower defendants in their moving papers are implicated by the question certified by the Second Circuit in Schiffman (and reproduced above). By contrast, the responsive letter filed by the borrower defendants describes multiple issues relating to the mailing procedures used in this case, which the borrower defendants contend warrant a stay. See generally Def. Rep. at 1-2. In the absence of a substantive response from plaintiff to the issue specifically identified in the August 14th Order, this Court concludes that a stay is warranted for the reasons set forth in the borrower defendants' reply submission.

Plaintiff also represents that "any additional stay in deciding the parties' motions will cause extreme prejudice to [p]laintiff and will erode its security interest in the property it is seeking to foreclose." Pl. Resp. at 2. But Wilmington neither explains what kind of prejudice it expects to suffer were the District Court to order a stay, nor does it state how a stay would erode its security deposit in the Subject Property.[4] As this Court noted in a prior report and recommendation in this case, the borrower defendants have proffered evidence that they "have protected and cared for the premises, which they intend to make their home and [have] provided heat, water, and electricity to the

---

[4] Plaintiff used almost identical language in objecting to Judge Bulsara's report and recommendation, but similarly failed to offer any supporting information so as to substantiate its allegations of prejudice and the erosion of its security deposit. See Miss Jones Objection at 2-3 (omitting the words "will erode").

4

building[,]" March 25, 2020 Report and Recommendation (Mar. 25, 2020) at 8, DE #28, adopted, Order Adopting Report and Recommendation (May 21, 2020), and plaintiff proffers no evidence to suggest that these circumstances have changed. In any event, by arguing that a stay would erode plaintiff's security deposit, Wilmington suggests that it will ultimately prevail in its motion for summary judgment, and that borrower defendants' cross-motion to dismiss will not be granted. Such conjecture is premature at this stage of the litigation.

## CONCLUSION

For the foregoing reasons, this Court respectfully recommends that (1) the parties' pending motions be denied without prejudice at least until the New York Court of Appeals answers the certified question in Schiffman; and (2) that this case be stayed for that duration.

Any objections to this Report and Recommendation must be filed with the Honorable Dora L. Irizarry on or before **September 8, 2020**. Failure to file timely objections may waive the right to appeal the District Court's Order. See 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72; Small v. Sec'y of Health & Human Servs., 892 F.2d 15, 16 (2d Cir. 1989) (per curiam).

**SO ORDERED.**

Dated:   Brooklyn, New York
         **August 24, 2020**

/s/ *Roanne L. Mann*
**ROANNE L. MANN**
**UNITED STATES MAGISTRATE JUDGE**