UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------- x
WILMINGTON PT CORP.,                          :
                                              :          **SUMMARY ORDER ADOPTING**
                              Plaintiff,       :          **REPORT AND RECOMMENDATION**
                                              :
            -against-                          :          **19-cv-2035 (DLI)(RLM)**
                                              :
PARVINDER S. TIWANA, JASVIR                   :
TIWANA, and NEW YORK CITY                     :
ENVIRONMENTAL CONTROL BOARD,                  :
                                              :
                              Defendants.      :
-------------------------------------------------------- x

**DORA L. IRIZARRY, United States District Judge:**

On April 9, 2019, Plaintiff Wilmington PT Corporation ("Plaintiff") commenced this action pursuant to the New York Real Property Actions and Proceedings Law ("RPAPL") against Parvinder S. Tiwana and Jasvir Tiwana[1] (collectively, "Defendants"), seeking to foreclose a mortgage encumbering real property located at 97-10 95th Avenue, Ozone Park, New York 11416. *See*, Compl., Docket ("Dkt.") Entry No. 1.  On June 22, 2020, Plaintiff moved for summary judgment, and Defendants cross-moved to dismiss for failure to state a claim.  *See*, Notice of Mot. for Pl.'s Mot. for Summ. J., Dkt. Entry No. 35; Notice of Cross-Mot. to Dismiss, Dkt. Entry No. 36; Mem. of Law in Opp'n to Defs.' Cross-Mot. to Dismiss and in Further Supp. of Pl.'s Mot. for Summ. J., Dkt. Entry No. 37; Mem. of Law in Further Supp. of Defs.' Cross-Mot. for Dismissal, Dkt. Entry No. 38.

On June 23, 2020, the Court referred the motions to the Honorable Roanne L. Mann, United States Magistrate Judge of this Court, for a Report and Recommendation ("R & R").  On August 24, 2020, the magistrate judge issued an R & R, recommending that the Court: (1) deny the parties'

---

[1] Plaintiff also named the New York City Environmental Control Board ("ECB") as a subordinate lienholder defendant.  To date, ECB has not appeared in this action.

pending motions without prejudice; and (2) stay the case pending the resolution of *CIT Bank N.A. v. Schiffman*, 948 F.3d 529 (2d Cir. 2020), *certified question accepted*, 34 N.Y.3d 1137 (2020), in which the U.S. Court of Appeals for the Second Circuit certified two questions to the New York State Court of Appeals relevant to this action.  *See*, R & R, Dkt. Entry No. 42.  Plaintiff timely objected to the R & R, arguing that the resolution of the questions in *Schiffman* will have no bearing on this action.  *See*, Pl.'s Obj. to the August 24, 2020 R & R ("Pl. Obj."), Dkt. Entry No. 43. Defendants did not object to the R & R or oppose Plaintiff's objections.

For the reasons set forth below, Plaintiff's objections are overruled, and the R & R is adopted in its entirety.  Accordingly, Plaintiff's motion for summary judgment and Defendants' cross-motion to dismiss are denied without prejudice, and this action is stayed pending the resolution of the questions certified in *Schiffman*.

## LEGAL STANDARD

When a party objects to a report and recommendation, a district judge must make a *de novo* determination with respect to those portions of the report and recommendation to which the party objects.  *See*, Federal Rules of Civil Procedure ("Fed. R. Civ. P.") 72(b)(3); 28 U.S.C. § 636(b)(1); *See also*, *United States v. Male Juvenile*, 121 F.3d 34, 38 (2d Cir. 1997) (citation omitted).  If, however, a party makes conclusory or general objections, or attempts to relitigate the party's original arguments, the court will review the report and recommendation for clear error.  *See*, *Robinson v. Superintendent, Green Haven Corr. Facility*, 2012 WL 123263, at *1 (E.D.N.Y. Jan. 17, 2012) (citations omitted).  After its review, the district court may then "accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions."  Fed. R. Civ. P. 72(b)(3); *See also*, 28 U.S.C. § 636(b)(1).

**DISCUSSION**

RPAPL § 1304 requires that, at least 90 days prior to commencing a legal action for mortgage foreclosure, the lender, assignee, or mortgage loan servicer must notify the borrower of the impending action. *See*, N.Y. Real Prop. Acts. Law § 1304(1); *Gustavia Home, LLC v. Rice*, 2016 WL 6683473, at *2 (E.D.N.Y. Nov. 14, 2016). The statute provides, *inter alia*, that the notice must be sent "by registered or certified mail and also by first-class mail to the last known address of the borrower, and to the residence that is the subject of the mortgage." N.Y. Real Prop. Acts. Law § 1304(2). Proper service of a RPAPL § 1304 notice on the borrower "is a condition precedent to the commencement of a foreclosure action . . . [and] [p]laintiff has the affirmative obligation to establish strict compliance with RPAPL § 1304[.]" *Gustavia Home, LLC v. Hoyer*, 362 F. Supp.3d 71, 83 (E.D.N.Y. 2019) (internal quotation marks and citations omitted).

A plaintiff can demonstrate compliance with RPAPL § 1304 "with proof of the actual mailings, such as affidavits of mailing or domestic return receipts with attendant signatures, or proof of a standard office mailing procedure designed to ensure that items are properly addressed and mailed, sworn to by someone with personal knowledge of the procedure." *Schiffman*, 948 F.3d at 533 (internal quotation marks and citation omitted). In *Schiffman*, the Second Circuit certified, *inter alia*, the following question to the New York State Court of Appeals:

> Where a foreclosure plaintiff seeks to establish compliance with RPAPL § 1304 through proof of a standard office mailing procedure, and the defendant both denies receipt and seeks to rebut the presumption of receipt by showing that the mailing procedure was not followed, what showing must the defendant make to render inadequate the plaintiff's proof of compliance with § 1304?

*Id.* at 535.

In light of *Schiffman*, the magistrate judge directed Plaintiff to show cause why this action should not be stayed pending the New York State Court of Appeals' decision of the certified

3

question.  *See*, Dkt. Entry No. 39.  Plaintiff and Defendants submitted responses.  *See*, Dkt. Entry

Nos. 40, 41.

Considering the parties' submissions, as well as *Miss Jones, LLC v. Viera*, 2020 WL

1527141, at *1 (E.D.N.Y. Mar. 31, 2020), where the court issued a stay of a mortgage foreclosure

action pending the resolution of the question certified in *Schiffman*, the magistrate judge

recommended that the parties' motions be denied without prejudice and that the action be stayed

until the New York State Court of Appeals answers the certified question.  *See*, R & R, 3-5.

Plaintiff objects to this recommendation, contending that "the resolution of the question in

*Schiffman* will have no import on this case, as the pertinent facts are wholly distinguishable."  Pl.

Obj., 2.  Specifically, Plaintiff identifies the following factual distinctions:  (1) unlike in *Schiffman*,

where the RPAPL § 1304 notices contradicted the plaintiff's affidavit of mailing procedures,

thereby prompting the Second Circuit to certify the question of whether the standard mailing

procedures had in fact been followed, there is no similar contradiction in the instant action; and

(2) whereas in *Schiffman*, the RPAPL § 1304 notices had been generated at the time of the

defendants' default, but mailed at a later date, the RPAPL § 1304 notices in this action were

generated and mailed simultaneously.  *Id.* at 1-2.

Plaintiff's arguments are taken nearly verbatim from its response to the magistrate judge's

Order to Show Cause.  *Compare*, Resp. to Order to Show Cause, Dkt. Entry No. 40, *with*, Pl. Obj.

Thus, the Court reviews the R & R for clear error.  *See*, *Robinson*, 2012 WL 123263, at *1.  "A

decision is 'clearly erroneous' when the Court is, 'upon review of the entire record, [] left with the

definite and firm conviction that a mistake has been committed.'"  *DiPilato v. 7-Eleven, Inc.*, 662

F. Supp.2d 333, 339-40 (S.D.N.Y. 2009) (quoting *United States v. Snow*, 462 F.3d 55, 72 (2d Cir.

2006)).

The Court finds no clear error in the R & R.  As the magistrate judge noted, the facts underlying *Schiffman* and the facts in this action "need not be identical in order for resolution of the question certified by the Second Circuit to impact the resolution of this case."  R & R, 3-4. Moreover, the Court concurs with the magistrate judge's finding that "any attempt to resolve the issues raised by the parties in their competing motions would be premature" as it would require the Court to conclude that Plaintiff complied with RPAPL § 1304, which Defendants dispute, prior to the resolution of the certified question regarding the application of RPAPL § 1304, which will affect the outcome in this case.  *Id.* at 4.

## CONCLUSION

For the reasons set forth above, the R & R is adopted in its entirety.  Therefore, Plaintiff's motion for summary judgment and Defendants' cross-motion to dismiss are denied without prejudice, and this action is stayed pending the resolution of the question certified in *Schiffman*.

SO ORDERED.

Dated: Brooklyn, New York
       December 4, 2020

                                        /s/
                          _____
                              DORA L. IRIZARRY
                          United States District Judge