# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| **WILMINGTON PT CORP.** <br>                   **Plaintiff,** <br>  -against- <br><br> **PARVINDER S TIWANA; JASVIR TIWANA and NEW YORK CITY ENVIRONMENTAL CONTROL BOARD** <br><br>                   **Defendants.** | Civil Action No.: 19-cv-02035 |

## SUPPLEMENTAL BRIEF IN SUPPORT OF DEFENDANTS' CROSS-MOTION FOR DISMISSAL AND IN OPPOSITION TO PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT

Rashmi Attri, Esq.
Pitchayan & Associates, P.C.
*Attorneys for Defendants*
*Parvinder S. Tiwana & Jasvir Tiwana*
72-30 Broadway, Fl 3
Jackson Heights, NY 11372
Tel.: (718) 478-9272
Fax: (718) 478-9279
rashmi@pitchayanlaw.com

# PRELIMINARY STATEMENT

Defendants Parvinder S. Tiwana and Jasvir Tiwana (hereinafter collectively the "Defendants"), by and through their attorneys, Pitchayan & Associates, P.C., per the Court Order dated January 25, 2023, respectfully submit the following Supplemental Brief in support of their motion to dismiss the Complaint pursuant to Rule 12(b) of the Federal Rules of Civil Procedure and in opposition to Plaintiff's Motion for Summary Judgment and to award such other relief as the Court deems just and proper.

This Brief addresses only the specific issue of concern identified by the Court in its Order dated January 25, 2023. First, this brief will set out why there is no material dispute that the Note was discharged in bankruptcy. Second there are no issues of fact that there is no legal obligation that rendered a payment from Defendants due and payable on June 1, 2013. Third, there is no material dispute that Defendants are in default on the Mortgage, however, there is a material dispute whether Plaintiff is the holder of that Mortgage or not. Fourth, Plaintiff request for a judgment in the amount of $258,874.57 as the unpaid principal amount due under the Note, and all accrued and unpaid interest and late charges as of January 2, 2019, is a clear violation of the discharge order in bankruptcy. Fifth, the only claim, if any, Plaintiff could have had was an action *in rem*, *i.e.*, a right to repayment in the sale proceeds of the Defendants' property. However, here the subject property is underwater with the first mortgage only and there is no equity left for the Plaintiff to exercise its right to payment from the sale proceeds of the Subject Property.

# ARGUMENT

### 1. The Subject Note was Discharged in Bankruptcy in 2011

Defendants are the owners of the premises located at 97-10 95th Avenue, Ozone Park, New York 11416 (the "Subject Property"). The Subject Property is subject to first mortgage held by Series 1 of Normandy Mortgage Depositor Company LLC. The amount due to the first mortgage holder (Approximately $ 1.1M) exceeds the value of the Subject Property. On June 7, 2011, Defendants filed for bankruptcy protection under chapter 7 of the United States Bankruptcy Code in the U.S. Bankruptcy Court Eastern District of Virginia under Bankruptcy Case Number 11-14224-rgm. In their bankruptcy petition, Defendants listed the subject Mortgage, identifying Resurgent, the servicer of the loan from WMC Mortgage, as the creditor. Resurgent was served with the bankruptcy petition and notices by the bankruptcy court's Bankruptcy Noticing Center, but it did not appear in the bankruptcy proceedings, nor did it object to Defendants' discharge. On September 19, 2011, Defendants were granted a discharge under section 727 of title 11, United States Code, (the Bankruptcy Code) and the case was closed on September 26, 2011. *See* ECF No. 63-11. The Order of Discharge of Joint Debtors ("Discharge Order") was also served upon Resurgent. *Id*. Based on the Discharge Order, there is no dispute that this Note has not been discharged. On several occasions, Plaintiff has been made aware of the bankruptcy discharge of this Note throughout this foreclosure proceedings, and Plaintiff has not given a single argument disputing that the Note has been discharged.

### 2. Defendants do not have any Legal Obligation to pay a Discharged Note

There are no issues of fact in dispute that Defendants did not have any legal obligation to make a payment allegedly "due and payable on June 1, 2013," because the Note had been

19-CV-02035   - Defendants' Supplemental Brief in Support of Cross-Motion and in Opposition of Motion-   2 of 4

discharged pursuant the Bankruptcy Court Eastern District of Virginia's Discharge Order dated September 19, 2011. The Discharge Order specifically states, "[t]he chapter 7 discharge order eliminates a debtor's legal obligation to pay a debt that is discharged" *See* ECF No. 63-11 *at* Debts That are Discharged. Hence, there is no legal obligation that rendered a payment from Defendants "due and payable on June 1, 2013" or any other payment whatsoever under the discharged Note. In fact, the Discharge Order also states, "[t]he discharge prohibits any attempt to collect from the debtor a debt that has been discharged. … A creditor who violates this order can be required to pay damages and attorney's fees to the debtor." *Id at* Collection of Discharged Debts Prohibited. Clearly, Plaintiff has violated the Bankruptcy Court's Discharge Order by seeking the unpaid principal amount due under the discharged Note with all accrued and unpaid interest and late charges, attorney's fees and other costs and disbursements.

### 3. Defendants Defaulted on their Mortgages in 2008

In 2008, due to the financial market meltdown, Defendants experienced a great deal of financial difficulty and fell behind in their mortgage payment on both mortgages. *See* ECF No. 63-3 & 63-4. However, as explained in Defendants Memorandum of Law in Support of Defendant's Cross-Motion, there is a material dispute as to whether Plaintiff was the lawful holder of the subject Note and Mortgage at the commencement of this foreclosure action. *See* ECF No. 63-1 *at* Argument II.

### 4. Plaintiff's Complaint to Seek a Judgment on a Discharged Note is in Violation of Bankruptcy Discharge Order:

The relief Plaintiff seeks in the Complaint is in violation of the Bankruptcy Court's Discharge Order dated September 19, 2011. The bankruptcy Discharge Order prohibits Plaintiff from collecting the Note that has been discharged in bankruptcy. *See* ECF No. 63-11. The Plaintiff can be required to pay damages and attorney's fees to the Defendants for its violation of the bankruptcy Discharge Order. *Id*. As per the Discharge Order, a creditor may have a right to enforce a valid lien, such as a mortgage or security interest against the debtor's property after the bankruptcy. *Assuming arguendo*, Plaintiff was not aware of the bankruptcy discharge of the Note while commencing this foreclosure action, but after coming to know that the Note has been discharged in 2011 in bankruptcy, Plaintiff could have amended its Complaint and sought to enforce the Mortgage only against the Subject Property. However, Plaintiff till date seeking a judgment for the unpaid Note in violation of Bankruptcy Court's Discharge Order.

### 5. The Value of Plaintiff's *In Rem* Claim, if any, is Zero

Defendants' personal liability to the second mortgage holder was extinguished and discharged when they received their discharge in Chapter 7 on September 19, 2011. Subsequent to their discharge all that remained was an *in rem* liability. The Subject Property has an estimated value of $1M. The first mortgage lien on the Subject Property held by Series 1 of Normandy Mortgage Depositor Company LLC is more than $1.1M. Accordingly there is no equity in the Subject property for any other lien to attach to. The lien of the second mortgage holder is such a lien. The U.S. Supreme Court in Johnson v. Home State Bank, 501 U.S. 78 (1991) held that "Even after the debtor's personal obligations have been extinguished the mortgage holder still retains a

"right of payment" in the form of its right to the proceeds from the sale of the debtor's property" at p. 84 (emphasis added).

The Second Circuit Court of Appeals decision In re: Richard J. Pond & Lorrie A. Pond (252 F.3d 122, 2001) (hereinafter "Pond") addressed the issue of whether "... Chapter 13 debtors can void a lien on their residential property if there is insufficient equity in the residence to cover any portion of that lien." (p. 123). The Court answered that question in the affirmative by referring to the U.S. Supreme Court decision of United States v. Ron Pair Enterprises, Inc. 489 U.S. 235, 109 S.Ct. 1026, 103 L. Ed. 2d 290 (1989). The Second Circuit stated, at p. 126-127, "This argument has been foreclosed by the Supreme Court which has explained that "subsection (a) of Section 506 provides, a claim is secured only to the extent of the value of the property on which the lien is fixed." (Emphasis in original). The Second Circuit adds "Accordingly, to determine whether a lien is "secured" under Section 506(a), a court must examine the value of the collateral underlying a lien, not the value of the lien itself." (p.127).

Therefore, Johnson tells us that the Plaintiff, if any, has a right to payment from the proceeds of the sale of the Subject Property and Pond tells us that the value of the remaining *in rem* claim is determined solely by the value of the property. Here the value of the Subject Property does not support any portion of the secured claim and Plaintiff does not have any secured claim. The *in rem* interest of the Plaintiff that remained after the Defendants' Chapter 7 discharge pursuant to Johnson is zero in value by Pond.

## **CONCLUSION**

Based on the foregoing, it is respectfully requested that the Court deny Plaintiff's motion for summary judgment because the Note that Plaintiff is seeking to enforce has been discharged in bankruptcy, grant Defendants' Cross-Motion to Dismiss and such other and further relief as to the Court seems just and proper.

Dated: Queens, NY
       February 8, 2023

/s/ Rashmi Attri
_____
Rashmi Attri, Esq.
Pitchayan & Associates, P.C.
*Attorneys for Defendants*
*Parvinder S. Tiwana & Jasvir Tiwana*